IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MILTON JASPER JONES                                                         PETITIONER
ADC #088447

V.                                    NO. 5:10cv00137 GTE-JWC

RAY HOBBS, Director,                                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge G. Thomas Eisele. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Milton Jones, an Arkansas Department of Correction inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2). For the reasons that follow, the petition should be **dismissed** sua sponte as a "second or successive" application requiring authorization from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). See Rule 4, Rules Governing § 2254 Cases in United States District Courts.

I.

Following a jury trial in June 1987 in the Circuit Court of Jefferson County, Arkansas, Petitioner was convicted of capital murder, and he was sentenced to life imprisonment without parole (doc. 2, at 34). His conviction was affirmed in a direct appeal to the Arkansas Supreme Court. Jones v. State, 752 S.W.2d 274 (Ark. 1988) (doc. 2, at 35-36).

In May 1995, he filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his 1987 conviction and advancing two claims:

    1.    His conviction was obtained in violation of his Sixth Amendment rights because the trial court constructively amended the felony information against him during trial; and

    2.    The trial court and his counsel erred in failing to instruct the jury on lesser included offenses.

This Court dismissed the petition with prejudice, finding that both of his claims were procedurally barred due to his failure to first raise them in state court. *Jones v. Norris*, No. PB-C-95-272, at docs. 11, 13, 14 (E.D. Ark. Dec. 16,1997).[1] Petitioner's application for a certificate of appealability was denied by the District Court and by the Eighth Circuit Court of Appeals, *id.* at docs. 15-18, as was his petition for writ of certiorari to the United States Supreme Court, *id.* at docs. 19-20.

On May 5, 2010, this federal § 2254 habeas petition was filed with the Court, also challenging Petitioner's 1987 capital murder conviction, and advancing the following claims for relief:

    1.    The state court refused to honor his right to be sentenced under the law in effect at the commission of the crime, and he was thus denied a fair trial during the sentencing phase of his trial, resulting in an illegal sentence and current illegal detention;

    2.    The trial judge was biased and purposely violated his constitutional rights by refusing to honor his right to be sentenced under the multiple penalty possibilities he sought at trial; and

    3.    He received the ineffective assistance of counsel in his direct appeal, in violation of his constitutional rights, when counsel abandoned his argument regarding his right to have the jury instructed regarding both capital felony murder and first degree felony murder.

---

[1] The Court has taken judicial notice of the filings in the prior case.

II.

Substantial difficulties exist for state prisoners attempting to bring "second or successive" federal habeas petitions challenging their state-court convictions. Specifically, before filing his petition in the district court, the prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A panel of the court of appeals may authorize the filing of a successive petition only if it satisfies the requirements of § 2244(b).[2] *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Until an order of authorization is obtained from the court of appeals, the district court has no jurisdiction to consider a successive petition. *Id.* at 152-53, 157.

Petitioner's current challenges to the conviction and sentence imposed by the 1987 judgment of the Jefferson County Circuit Court clearly are successive, as he argued in his 1995 § 2254 petition that the conviction and resulting custody imposed by that same judgment are invalid. *Id.* at 153 (petition is successive where prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court").

A prior habeas petition will be disregarded in some circumstances, such as when it is dismissed without prejudice as premature or for failure to exhaust state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (second petition not successive where first

---

[2]This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence *and* the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id.* § 2244(b)(2).

petition was dismissed for failure to exhaust, without adjudicating any claims); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (where competency for execution claim dismissed without prejudice as premature from first petition, petitioner can bring the claim again when ripe without authorization under successive-petition statute). However, unlike the above cases, Petitioner's first habeas petition was dismissed with prejudice because his claims were procedurally barred. *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (denial of first habeas petition on procedural default grounds constitutes disposition on the merits and renders subsequent habeas petition "second or successive"); *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) (denial of procedurally defaulted claims in first habeas petition is "on the merits" even though the underlying merits of the claims were not reviewed, necessitating authorization from court of appeals); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (denial on procedural default grounds constitutes an adjudication on the merits and thus renders a subsequent § 2254 petition "second or successive"); *Caton v. Clarke*, 70 F.3d 64, 65 (8th Cir. 1995) (interpreting prior law).

There is no allegation or evidence that Petitioner has sought or received permission from the Eighth Circuit Court of Appeals to file a successive petition as required by statute. Therefore, this Court is without jurisdiction to entertain any claims challenging the validity of his 1987 conviction or sentence, and they should be dismissed without prejudice to his obtaining an authorization order from the Eighth Circuit Court of Appeals.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus is a "second or successive application" under § 2244(b) and requires prior Court of Appeals

authorization. The petition (doc. 2), therefore, should be **dismissed** without prejudice to refiling if Petitioner obtains the necessary order from the United States Court of Appeals for the Eighth Circuit.

DATED this 11th day of May, 2010.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE